UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

A.E., by and through his mother and next
friend, AMBER EVANS,

6:11-CV-6255-TC

                    Plaintiff,

                                                    ORDER

        v.

HARRISBURG SCHOOL DISTRICT NO. 7,
an Oregon public school district,

                    Defendant.

COFFIN, Magistrate Judge:

    Plaintiff was a student within defendant Harrisburg School District. As set forth in more detail

below, he brings this action for certain alleged violations of Title IX (Peer on Peer Sexual

Harassment), Section 1983 (Equal Protection Clause), and a Section 504 of the Rehabilitation Act.

He also alleges state claims under Oregon's Discrimination Statute and for Intentional Infliction of

Emotional Distress and Negligence/Negligence Per Se.

Page 1 - ORDER

Presently before the court is defendant's motion (#9) for summary judgment. [1]

## Legal Standard

Federal Rule of Civil Procedure 56 allows the granting of summary judgment:

> if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). There must be no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

The movant has the initial burden of establishing that no genuine issue of material fact exists or that a material fact essential to the nonmovant's claim is missing. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). Once the movant has met its burden, the burden shifts to the nonmovant to produce specific evidence to establish a genuine issue of material fact or to establish the existence of all facts material to the claim. Id.; see also, Bhan v. NME Hosp., Inc., 929 F.2d 1404, 1409 (9th Cir. 1991); Nissan Fire & Marine Ins. Co., Ltd., v. Fritz Cos., Inc., 210 F.3d 1099, 1105 (9th Cir. 2000). In order to meet this burden, the nonmovant "may not rely merely on allegations or denials in its own pleading," but must instead "set out specific facts showing a genuine issue of fact for trial." Fed. R. Civ. P. 56(e).

Material facts which preclude entry of summary judgment are those which, under applicable substantive law, may affect the outcome of the case. Anderson, 477 U.S. at 248. Factual disputes are genuine if they "properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. On the other hand, if, after the court has drawn all

---

[1]Defendant's motion to strike (contained in Defendant's Reply) is denied for the purposes of this motion as it is immaterial to the ultimate outcome of this motion.

reasonable inferences in favor of the nonmovant, "the evidence is merely colorable, or is not significantly probative," summary judgment may be granted. Id.

### Factual Background

Plaintiff was a student within defendant Harrisburg School District. He alleges several instances of bullying, many of which defendant contends cannot be a basis for his state claims due to the notice requirements of the Oregon Tort Claims Act.

On or about September 27, 2009, when plaintiff was in the sixth grade, plaintiff's father wrote a letter to the Superintendent. The letter complained of general bullying and added that the father did not know why his son was being bullied as "[h]e is a pretty big kid, pretty smart kid, and good athlete and SUPER well behaved. (Exh. 2 attached to #11). Plaintiff testified that in the sixth grade he experienced shoulder bumps, punches, shoves and cussing but did not tell anyone because when he did he was considered a liar and punished.  P.p. 50-51 of Plaintiff Depo (attached to #14). Plaintiff alleges that his family removed him from school.  Plaintiff alleges that "[s]urprisingly, plaintiff and his family decided he would return to school for the seventh grade."  ¶17 of First Amended Complaint.  Plaintiff testified and alleges that he was "flipped off" and called "gay, " "fag""fat fucker" "stupid motherfucker" and "freak."[2] He testified that the cussing directed towards him included "all 13 sailor words.  I mean, they'd even make words up that were just awful.  Like they would put certain words together, and they were just worse than the regular 13 words." P. 67 of Pltf Depo. Plaintiff testified he did not report the cussing "because they were like, 'no we don't allow cussing at school, so it never happens.'  But they have all those 'no bullying' posters, or at

---

[2]With apologies to readers offended by derogatory and crude terms, I set them forth without cosmetic editing because they are relevant to the analysis of some of plaintiff's claims.

least they used to, posted on the wall saying no bullying, no drugs, no alcohol, nothing....They spent like five minutes going over [no bullying policies]. 'No bullying allowed. So if you're a bully, you get the heck out of here' or whatever. I mean, the speech was lame. And they even made it, they were kind of not even enthusiastic with it, like they didn't even try to promote no bullying or anything.... Stevie Andersen and Darci Stuller were the ones that always gave the speeches. They were like no bullying, blah, blah, blah, blah, such and such." P.p. 67-68 of Pltf Depo.

Plaintiff alleges and testifies that on November 2, 2010[3] he was in the locker room after changing for P.E. He was fully clothed when another male student approached. "He had some clothes on. I mean, not a whole lot. But he just thrust his groin against mine." P.p. 55-56 of Pltf Depo. He "Starts humping me in front." P. 123 of Pltf Depo. "I walked away, and he followed me and did it again. I told him I did not like it and to stop harassing me. He said, 'I'm not harassing you if you like it. If you're laughing that means you like it.' I was not laughing. And he tried to make me laugh by tickling me under my armpit. I still did not laugh." Id. at 124. Plaintiff did not report the incident, paragraph 30 of First Amended Complaint, but his Mother did.

### Discussion

Title IX Peer Harassment

Plaintiff's first claim against the District is for a Title IX violation. Plaintiff alleges the District was deliberately indifferent to alleged harassment of plaintiff from other students at Harrisburg

---

[3]Defendant contends that this is one of the allegations that cannot be an actionable basis for plaintiff's state law claims due to the notice requirements of the Oregon Tort Claims Act.

Page 4 - ORDER

Middle School because of his "perceived homosexuality."[4]

Title IX prohibits discrimination "on the basis of sex." 20 U.S.C. §1681(a). However, Title IX only prohibits instances of intentional discrimination. See Davis v. Monroe Co. Bd. Of Educ., 526 U.S. 629, 638-649 (1999). As Title IX only prohibits intentional discrimination, the District can only be liable for peer-on-peer harassment "on the basis of sex" if it was deliberately indifferent to the alleged harassment. Thus, to be liable on the Title IX claim, the District must have 1) had actual knowledge of, and 2)been deliberately indifferent to, 3) harassment "on the basis of sex" that was so severe , pervasive,  and objectively offensive that it , 4) deprived the victim of access to the educational benefits or opportunities provided by its schools. See Davis, 526 U.S. at 644-645, 650.

The District has met its initial burden on pointing out the absence of any genuine issue of material fact. As discussed in further detail below, the District is entitled to summary judgment on the Title IX claim as plaintiff has failed to make a sufficient showing on essential elements of his case with which he has the burden of proof.

A student making a peer sexual harassment claim under Title IX must have been sexually harassed, that is, he must have been harassed because of his gender.  Plaintiff attempts to meet this threshold requirement by alleging that he was harassed because of his "perceived homosexuality." However, there is not more than a scintilla of evidence that any District student actually perceived the plaintiff to be homosexual.  Therefore, any  harassment the plaintiff suffered was not because of his gender. See Patterson v. Hudson Area Schools, 724 F.Supp. 2d 682, 691 (E.D. Mich. 2010) The evidence plaintiff presents in an attempt  to show he was harassed because of his "perceived homosexuality" are instances in which he was called "fag," "gay", etc. by other elementary and

---

[4]Plaintiff testified he is not a homosexual.  Pl. Depo at 29:11-12.

middle school students.  However, such words expressed by this age group do not necessarily mean that plaintiff was harassed because of his perceived homosexuality, and there is not sufficient evidence of such in this case .  It should come as no shock that elementary and middle school children call each other "gay" and "fag" quite often.  However, they rarely mean it literally. See id. at 692.    And such expressions can oftentimes be any of a number of generic, interchangeable insults. See Carmichael v. Galbraith, 2012 WL 13568 at *7 (N.D. Tex Jan. 4, 2012)( commenting on student's use of the word "fag" as an insult: "experience and common sense teach that bullies and harassers of this age are not particular about what they say when bullying and harassing their victims" ) .  If, as the Carmichael court suggests, "fag" or the like is just one of a range of interchangeable intended insults kids employ against other kids, then one would expect that plaintiff's harassers called him other names which do not have any connotation related to homosexuality.  Indeed, this is the situation here.  Plaintiff asserts he was called "motherfucker," an "asshole," and a "fat fucker" among other things.

Moreover, plaintiff never complained to the District that plaintiff was being harassed because of his "perceived homosexuality."   When asked why he thought other kids picked on him, plaintiff speculated that it was because he was taller than other kids, and so stood out; because he had a "pretty boy face, like Prince Charming;" and , in one case, because the kid who was harassing him -whom he used to be friends - wanted to "fit in with the crowd."  (Pltff Depo 69:16-70:16, 51:24- 52:9).  His "perceived homosexuality" is not a reason he gave for being picked on.

Even if plaintiff was harassed because of his gender, the District must have had "actual knowledge " of that harassment before it can be liable for the plaintiff's peer harassment claim made under Title IX.  However, as plaintiff has admitted, he did not tell the District when other students

called him "gay," "fag," etc. and certainly did not tell the District that he thought he was being harassed because of his "perceived homosexuality." Because the District did not have actual knowledge of any alleged sexual harassment, it cannot be liable under Title IX.

In addition, because the District did not have actual knowledge that other students called plaintiff "gay," etc., then it could not have been "deliberately indifferent" to it, and the plaintiff cannot satisfy this element of his Title IX claim either. The only incident with an allegedly sexual component that the District knew about was when plaintiff was "humped" (as plaintiff describes it) after changing in the locker room for PE. See Factual Background hereto, Complaint ¶30; Pltf Depo. 56:14-57:9, 122:4-124:8 ). After this alleged incident, plaintiff's mother called the principal of plaintiff's school to report it. The principal investigated the incident, speaking with students who had been in the locker room. They said they did not remember the incident, but remember another similar incident on another day when the teacher had his back turned. The student they identified as the instigator of that incident was punished. That student did not harass plaintiff again. When the principal reported all of this to plaintiff's mother, the principal reiterated how important it was for the plaintiff to let "an adult know at the time an incident occurred so they can step in immediately. It is much more effective and helps us stop problems in the moment. (Evans Depo 95:12 -96:12 -96:1; Ex. 12) Such is not "deliberate indifference."


Equal Protection

To establish a §1983 Equal Protection violation, plaintiff must show defendant discriminated against them as a member of and identifiable class and that the discrimination was intentional. Flores v. Morgan Hill Unified School District, 324 F. 3d 1130 (9h Cir. 2003). As discussed in

greater detail in the previous section, plaintiff has not adequately shown that the District's response to the alleged harassment was intentional or deliberately indifferent. Plaintiff has also failed to adequately show that he is a member of an identifiable class, i.e. "a "perceived homosexual.".[5]  And plaintiff has not shown discrimination, i.e., plaintiff has failed to provide sufficient evidence that the District treated plaintiff's complaints of harassment differently from complaints of harassment from other students, let alone that it did so for improper discriminatory reasons.    The equal protection claim fails. See also City of Canton v. Harris, 489 U.S. 378, 390 (1989).


Rehabilitation Act Claim

    Plaintiff bases his Rehabilitation Act claim on a few instances in which he alleges a teacher took away his stress relief ball, and one instance in which he was not allowed to turn in an assignment late(which was only a temporary refusal).  There is no evidence in the record that having a stress relief ball was necessary for plaintiff to overcome a substantial impairment of his ability to learn and no evidence from which it could be construed that the plaintiff was denied meaningful access to the benefits of an education by having a stress relief ball taken away.  Nor is there any evidence that the defendant took away the stress relief ball because of plaintiff's alleged disability, or in deliberate indifference to it.  The Rehabilitation Act Claim fails.


Oregon's Discrimination Statute

    The District is entitled to summary judgment on plaintiff's claim under Oregon's Discrimination

---

    [5]Unlike plaintiff, the plaintiffs in Flores were, or were perceived by other students, to be lesbian, gay or bisexual.

Statute(ORS 659.850) as plaintiff has failed to make a sufficient showing on essential elements of his claim with which he has the burden of proof.

For plaintiff to survive summary judgment on his claim under Oregon's Discrimination Statute, he must show that he was treated differently from other students and he was treated differently because of his disability or perceived sexual orientation. As discussed above, plaintiff has failed to adequately show these elements. Plaintiff has also failed to show that he has met the administrative requirements for this claim.

Intentional Infliction of Emotional Distress

The District is entitled to summary judgment on plaintiff's intentional infliction or emotional distress claim as plaintiff has failed to make a sufficient showing on essential elements of his claim with which he has the burden of proof.

Plaintiff has failed to adequately show that the District intended to cause plaintiff emotional distress, or knew with substantial certainty that its acts would cause the plaintiff severe emotional distress. Plaintiff has also failed to adequately show the defendant engaged in extreme and outrageous conduct that was extraordinary beyond the bounds of socially tolerable behavior.

Negligence/Negligence Per Se

Defendant persuasively argues that the notice provisions of the Oregon Torts Claim Act limit plaintiff's actionable negligence claims to the allegations of paragraphs 18-23 of Plaintiff's First Amended Complaint. [6] Such allegations detail various physical impacts plaintiff sustained from his peers while he was in the seventh grade. Plaintiff alleges that some of these incidents were reported

---

[6] See ORS 30.275(1), (2) and (3)(c). Plaintiff gave tort claim notice on October 13, 2010 and filed this action August 16, 2011.

Page 9 - ORDER

to teachers who took no action and that such inaction "sends a message to the entire class that bullying and harassing plaintiff will carry no consequence." ¶ 19 of First Amended Complaint. [7]

Defendant acknowledges that the District owed a "duty of supervision" to plaintiff and that the determination of a school's negligence is based on the "foreseeable risk of harm." See, Fazzolari v. Portland School District 1J , 734 P.2d 1326, 1337 ( Or. 1987).  But defendant argues that none of the District's actions created an unreasonable risk of harm to plaintiff and nothing in the record suggests it was foreseeable the plaintiff would be pushed, hit, etc. by any of the students involved in the negligence allegations.  P. 25 of Defendant Memo (#10).  Defendant argues that "it was not liable because its conduct was not unreasonable, the students' acts were not foreseeable, and, regardless, the schools conduct was not the cause of plaintiff's alleged harm.  P. 26 of Reply (#15). However, "proximate cause is usually a factual decision that should be decided at trial" and "summary judgment is rarely granted in negligence cases because the issue of '[w]hether the defendant acted reasonably is ordinarily a question for the trier of fact.' " Christensen v. Georgia-Pacific Corp, 279 F.3d 807 (9th Cir. 2002), quoting Martinez v. Korea Shipping Corp, Ltd., 903 F.2d 606, 609 (9th Cir. 1990).  Such is the situation for plaintiff's negligence clam.[8] The letter from plaintiff's father regarding the bullying of his son, plaintiff's complaints to his teachers, and bullying

---

[7]Plaintiff has also alleged and testified that he did not report incidents of name calling because of teacher inaction.

[8]As demonstrated by defendant, plaintiff's allegations and arguments regarding negligence per se add nothing to plaintiff's negligence claim discussed above.  Among other things, Oregon's physical impact rule bars any additional basis for a negligence claim in this case.  See Simons v. Beard, 188 Or. App. 370, 376 (2003).

episodes that occurred outside the limits of the notice provisions of the Oregon Tort Claims Act [9]

create a genuine issue of material fact on plaintiff's negligence claim.

### Conclusion

Defendant's motion (#9) for summary judgment is allowed to the extent all of plaintiff's claims

are dismissed except for the negligence claim.

DATED this ___9___ day of October, 2012.

_____

THOMAS M. COFFIN
United States Magistrate Judge

---

[9] I reject defendant's argument that acts occurring outside such limits are inadmissable as evidence. While such acts cannot be the basis for damages, they are clearly relevant to the issue of the information known by the District regarding the pattern of harassment and thus the foreseeabilty of such conduct in the future. See Fazzolari v. Portland School District IJ, 303 Or. at 22, 734 P.2d 1326 (Or. 1987); Torres v. United States Nat. Bank, 65 Or. App. 207, 214 (1983).